# United States Bankruptcy Court
## NORTHERN DISTRICT OF OHIO

Official Time Stamp
U.S.Bankruptcy Court
Northern District of Ohio
December 21, 2006
(12:51 PM)

In re:   Stanley L. Sample ) Chapter 13 Case No. 06-13101-M
　　　　　　　　　　　　　　　 ) Hon. Pat E. Morgenstern-Clarren
　　　　　Debtor ) 

## CONFIRMATION ORDER

　　　　The Chapter 13 plan in this case came on for confirmation at a hearing before the Court. **A copy of such Plan, together with any applicable amendments or modifications (the "Plan"), is attached to this Order.** Based upon the papers filed in this case, information presented by the Standing Chapter 13 Trustee (the "Trustee") and such other matters, if any, presented by the debtor (or the debtors in a joint case) (the "Debtor"), Debtor's counsel, any objector or any other interested party, the Court finds that:

1. Notice of the confirmation hearing was duly given.
2. The Plan complies with applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code").
3. Any fee, charge or amount required under Chapter 123 of Title 28 of the United States Code or by the Plan, to be paid before confirmation has been paid.
4. The Plan has been proposed in good faith and not by any means forbidden by law.
5. The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date.
6. The Plan complies with all other applicable requirements of section 1325 of the Bankruptcy Code.
7. To the extent, if any, that the Plan provides for payments over a period longer than three years, the Court for cause approves payment for such period but in no event longer than five years.

IT IS THEREFORE ORDERED THAT:

1. The Plan is confirmed.
2. The Debtor shall, until further order of the Court, make the periodic payments called for in the Plan to the Trustee. Except as otherwise permitted, such payments shall be made pursuant to order of the Court on the Debtor's employer.
3. Secured creditors shall retain their liens. If this case is either dismissed or converted to a Chapter 7 case, the property vesting in the Debtor by reason of this confirmation order shall remain subject to the liens existing at the time of the filing of the case subject to adjustments in respect of amounts paid under the Plan.
4. The Debtor shall not incur additional debt exceeding $500 in the aggregate without notice to the Trustee and the approval of the Court.
5. The Debtor shall not transfer any interest in real property without the Court's approval.
6. The attorney for the Debtor is allowed a total fee of $**___, of which $**___ has been paid. The balance of $**___ shall be paid by the Trustee from the monies received under the Debtor Plan at the rate of one-sixth of the balance due per month during the first year of the Plan.
7. The administrative expenses of the Trustee shall be paid in full pursuant to sections 503(b) and 1326(b)(2) of the Bankruptcy Code and 28 U.S.C. § 586(e)(1)(B).

December 21, 2006　　　　　　　　　　　　　　　　　　　　/s/ Pat E. Morgenstern-Clarren
Date　　　　　　　　　　　　　　　　　　　　　　　　　　　JUDGE

By submitting this form, the Chapter 13 Trustee certifies that the wording of this form is identical in all respects to the official form.

**\*\* The Attorney Fees are outside the "no-look" amount. A Fee Application is required, pursuant to Administrative Order No. 03-06.**

Submitted by:
/S/ Craig Shopneck
CRAIG SHOPNECK (#0009552)
Chapter 13 Trustee
200 Public Square, BP Tower Suite 3860
Cleveland OH 44114-2321
Phone (216) 621-4268　　　　　Fax (216) 621-4806
Ch13shopneck@ch13cleve.com

**CERTIFICATE OF SERVICE**

A copy of the foregoing Order was sent electronically and/or by regular U.S. mail to the following:

    Craig Shopneck, Trustee
    200 Public Square, BP Tower Suite 3860
    Cleveland OH 44114-2321
    VIA MAILBOX AT COURT

    Sheldon Stein, Attorney for Debtor
    400 Terminal Tower
    P.O. Box 5606
    Cleveland OH 44101-0000

    Stanley L. Sample, Debtor
    1321 East 82nd Street
    Cleveland OH 44103-0000

CS/bas
12/21/06

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **In Re:** | ) | **Chapter 13 Case No. 06-13101** |
| | ) | |
| Stanley L. Sample | ) | **Judge: Pat E. Morgenstern-Clarren** |
| | ) | |
| Debtor | ) | ____ **Original Chapter 13 Plan** |
| | ) | |
| | ) | **X  Modified Chapter 13 Plan dated July 27, 2006** |

*************************************************************************************

**NOTICE:  (Check One)**

☐ **This plan DOES NOT include any provision deviating from the uniform plan in effect at the time of the filing of this case.**

X **This plan DOES contain special provisions that must be and are set forth in Article 11 below.**

**YOUR RIGHTS WILL BE AFFECTED**.  You should read this plan carefully and discuss it with your attorney. Anyone who wishes to oppose any provision of this plan must file with the court a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the court in order to receive distributions under this plan.**
_____

1.  **PLAN PAYMENTS**

Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors (hereinafter "Debtor") shall commence making monthly plan payments (the "Monthly Plan Payment") pursuant to 11 U.S.C. §1326(a)(1), as follows:

A.  To the Chapter 13 Trustee (hereinafter "Trustee"): $__N/A__ [A] per month, payable in
    ☐ monthly   ☐ semi-monthly   **X** bi-weekly   ☐ weekly    installments of  $200.00.

    **and**, unless the court otherwise orders,

B.  To secured creditors as adequate protection: $__N/A__ [B] per month, allocated as follows:

| Creditor | Collateral | Amount |
|---|---|---|
| N/A | | |

Prior to confirmation, the Debtor shall provide the Trustee with evidence of post-petition payments made by the Debtor to secured creditors as adequate protection payments and to lessors as lease payments.

Upon confirmation of this plan, the Debtor shall make the bi-weekly Plan Payment of $200.00 [A+B] to the Trustee.

2.  **ORDER OF DISTRIBUTION**

After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) monthly payments as provided for in Articles 3, 4 and 9; (iv) priority domestic support obligation claims pursuant to 11 U.S.C. §507(a)(1); (v) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (vi) general unsecured claims. If the Trustee has received insufficient funds from the Debtor to make the monthly payment to secured creditors, the Trustee may pay secured creditor claims on a pro-rata basis.  Unless a claim objection is sustained, a motion to value collateral or to avoid a lien is granted, or the court otherwise orders, distributions on account of claims in Articles

3(A), 4(A), 5, 6, 7 and 9 will be based upon the classification and amount stated in each claim holder's proof of claim rather than any classification or amount stated in this plan.

## 3. CLAIMS SECURED BY REAL PROPERTY
**A. Mortgage and Real Estate Tax Arrearages**
Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages. Trustee will pay interest on the mortgage arrearage if the proof of claim provides for interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest. Debtor shall pay all post-petition mortgage payments and real estate taxes as those payments ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Estimated Arrearage Claim | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| Guarantee Bank | 1321 E. 82nd Street Cleveland, Ohio | $5,000.00 | Pro rata after payment of administrative expense claims per paragrpah 2, above, with payments to creditors per paragraphs 3,4 and 6 of this Plan. |

**B. Other Real Estate Claims**
Trustee shall pay the monthly payment amount to creditors up to the amount specified below to be paid through the plan. The portion of any allowed claim that exceeds the amount to be paid through the plan shall be treated as an unsecured claim.

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| James Rokakis Cuyahoga County Treasurer | 1321 E. 82nd Street Cleveland, Ohio | $703.76 | N/A | $50.00 |
| Metrohealth Medical Center | **SEE PARAGRAPH 11, BELOW FOR TREATMENT OF THIS CLAIM** | | | |

## 4. CLAIMS SECURED BY PERSONAL PROPERTY
**A. Secured Claims to be Paid in Full Through the Plan:**
Trustee shall pay the following claims in full and in equal monthly payments.

| Creditor | Collateral Description | Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| Rivers Edge Invest. | 2000 Dodge Stratus | $5,328.00 | 6% | $200.00 |

**B. Secured Claims NOT to be Paid in Full Through the Plan:**
Claims specified below are debts secured by personal property not provided for in Article 4(A) above. Trustee shall pay the allowed claims the secured amount with interest and in equal monthly payments as specified below. The portion of any allowed claim that exceeds the secured amount will be treated as an unsecured claim. Upon confirmation, the secured amount and interest rate specified below, or as modified, will be binding pursuant to 11 U.S.C. §1327 unless a timely written objection to confirmation is filed and sustained by the court.

| Creditor | Collateral Description | Secured Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|

None

## 5. DOMESTIC SUPPORT OBLIGATIONS

Debtor ☐ does **X** does not have domestic support obligations pursuant to 11 U.S.C. §101(14A).

<u>If the Debtor does have domestic support obligations:</u>
The holder(s) of any claims for domestic support obligations pursuant to 11 U.S.C. §1302(d) are as specified below. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

| Holder Name | Address & Telephone |
|---|---|
| N/A | |

Trustee shall pay pursuant to 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations. Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

| Creditor Name | Creditor Address | Estimated Arrearage Claim |
|---|---|---|
| N/A | | |

## 6. OTHER PRIORITY CLAIMS
Trustee shall pay pursuant to 11 U.S.C. §507(a) on a pro-rata basis other allowed unsecured priority claims.

| Creditor | Claim Amount |
|---|---|
| Internal Revenue Service | $789.55 |
| Central Collection Agency | Unknown |

## 7. GENERAL UNSECURED CLAIMS
Debtor estimates the total of the non-priority unsecured debt to be $25,461.00. Trustee will pay to creditors with allowed non-priority unsecured claims a pro-rata share of $5,000.00 or 20%, whichever is greater.

## 8. PROPERTY TO BE SURRENDERED
Debtor surrenders the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the court.

| Creditor | Property Description |
|---|---|
| N/A | |

**9. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
All executory contracts and unexpired leases are rejected except the following, which are assumed.  Trustee shall pay the monthly payment amount to allowed claims for executory contract arrearages and unexpired lease arrearages. Debtor shall pay all post-petition payments that ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Description | Estimated Arrearage Claim | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| N/A | | | |

**10. OTHER PLAN PROVISIONS**
(a)  Property of the estate shall revest in the Debtor  **x** upon confirmation.  ☐ upon discharge, dismissal or completion. If the Debtor has not marked one of the boxes, property of the estate shall revest in the Debtor upon confirmation. If the Debtor has elected to have property of the estate revest in the Debtor upon discharge or dismissal, the Debtor must maintain adequate insurance of all property in the estate. Unless otherwise ordered, the Debtor shall remain in possession of all property of the estate during the pendency of this case.

(b)  The treatment of the claims of creditors as set forth in this plan shall become absolute upon confirmation, pursuant to 11 U.S.C. §1327. Therefore, if a creditor or contract party named herein objects to this plan, including the valuation of security, interest to be paid, and the treatment of executory contracts and unexpired leases, a formal objection to confirmation must be timely filed with the court.

(c)  This plan incorporates 11 U.S.C. §1325(a)(5)(B)(i) with respect to each allowed secured claim provided for by this plan.

(d)  Notwithstanding the automatic stay, creditors and lessors provided for in Articles 3(A) and 9 of this plan may continue to mail customary notices or coupons to the Debtor.

(e)  Debtor shall not transfer any interest in real property or incur additional debt exceeding $500 in the aggregate without prior notice to the Trustee and without first obtaining the approval of the court as stated in applicable Administrative Orders.  Failure to comply with the provisions of this paragraph may lead to the dismissal of this case or the conversion of this case to Chapter 7.

**11. SPECIAL PROVISIONS**
This plan shall include the provisions set forth in the boxed area below. **Note: The provisions set forth below will not be effective unless there is a check in the second *notice box* preceding Article 1.**

> (a)  To receive payment from the trustee a secured creditor must file a proof of claim. Secured claims which are not filed within the time period required by Federal Bankruptcy Rule 3002(c) may be disallowed or subordinated to other claims upon further order of the Court.
>
> (b)  Confirmation of this plan does not bar a party in interest from objecting to a claim which is not filed in accordance with Federal Bankruptcy Rules 3001 or 3002.
>
> (c)  In accordance with 11 U.S.C. §522(f), the judgment lien held by Metrohealth Medical Center impairs exemptions to which the debtor is entitled, and is hereby avoided and set aside. The claim of Metrohealth Medical Center shall be deemed to be an unsecured claim, and paid in accordance with pargraph 7 of the plan.
>
> (d)  If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the plan.

> (e) Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages; to deem the pre-petition arrearages as contractually cured by confirmation; to apply the direct mortgage payments, if any, paid by the trustee or by the debtor to the month in which they were made under the plan or directly by the debtor, whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtor and the attorney for the debtor of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor and attorney for the debtor of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. §524(h)(2)(B)(i).
>
> (f) The trustee shall only distribute payments to creditors who have actually filed proofs of claim with the Court that are deemed allowed pursuant to 11 U.S.C. Section 502(a). However, if a creditor does not file a timely proof of such creditor's claim, then either the debtor or the trustee may file such a claim as provided for by 11 U.S.C. Section 501(c) and in that event such claim shall be deemed the claim for all purposes under the plan.
>
> (g) The trustee shall mail payments to the address provided on the proof of claim unless the claimant provides the trustee with another address in writing for payments to be sent. If the claim is assigned or transferred, the trustee shall continue to remit payments to the original claimant until a formal notice of assignment or transfer is filed with the Court.
>
> (h) The plan filed by the debtor herein specifically rejects, avoids, cancels and otherwise releases the debtor from any and all contractual provisions, with any party or entity, which could or may impose on the debtor the duty, requirement or obligation to submit any and all claims, demands, or causes of action of the debtor or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising prepetition or postpetition, to any form of binding arbitration or alternative dispute resolution. Consequently, confirmation of this plan shall constitute a finding that any such clauses, conditions or provisions, whether arising under the Federal Arbitration Act or any state rule, statute, or regulation, are invalid, void and otherwise unenforceable as to the debtor or the Chapter 13 Trustee.

Date: July 27, 2006

/s/ Sheldon Stein
Sheldon Stein (0007292)
Attorney for the Debtor
400 Terminal Tower
Post Office Box 5606
Cleveland, OH 44101
(216) 696-7449

<u>Service</u>

A copy of the foregoing was sent electronically to Craig Shopneck, and by regular U.S. mail on July 27, 2006, to all creditors listed on the attached schedules.

/s/ Sheldon Stein
Attorney for the Debtor

Form B6D
(10/05)

In re **Stanley L. Sample** , Case No. _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Debtor

# SCHEDULE D. CREDITORS HOLDING SECURED CLAIMS

　　State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

　　List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C§112; Fed.R.Bankr.P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

　　If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

　　Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐　Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H/W/J/C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No.<br>**Creditor #: 1**<br>**Guaranty Bank, SSB**<br>**d/b/a GB Home Equity**<br>**4000 West Brown Deer Road** | | - | 2000<br>Mortgage<br>1321 East 82nd Street<br>Cleveland, OH 44103<br>(appraised by Sheriff at $36,000)<br>Value $　　　　45,000.00 | | | | **39,000.00** | **0.00** |
| Account No.<br>**Also notify on behalf of**<br>**Guaranty Bank, SSB** | | | Robert Olender, Esq.<br>1940 Huntington Building<br>925 Euclid Avenue<br>Cleveland, OH 44115<br><br>Value $ | | | | | |
| Account No.<br>**Creditor #: 2**<br>**James Rokakis**<br>**Cuyahoga County Treasurer**<br>**1219 Ontario Street**<br>**Cleveland, OH 44113** | | - | 2005<br>Tax Lien<br>1321 East 82nd Street<br>Cleveland, OH 44103<br>(appraised by Sheriff at $36,000)<br>Value $　　　　45,000.00 | | | | **703.76** | **0.00** |
| Account No.<br>**Also notify on behalf of**<br>**James Rokakis** | | | Cuyahoga County Prosecutor<br>Justice Center - Court Towers<br>Cleveland, OH 44113<br><br>Value $ | | | | | |

　**2**　continuation sheets attached

Subtotal
(Total of this page)　　**39,703.76**

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037　　　　　　　　　　　　　　Best Case Bankruptcy

In re **Stanley L. Sample**, Case No. _____
                      Debtor

# SCHEDULE D. CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community H/W/J/C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No.<br>**Creditor #: 3**<br>**Metrohealth Medical Center**<br>**2500 Metrohealth Drive**<br>**Cleveland, OH 44109** | - | | **2002**<br>**Judgment Lien**<br>**1321 East 82nd Street**<br>**Cleveland, OH 44103**<br>**(appraised by Sheriff at $36,000)**<br>Value $ 45,000.00 | | | | 4,300.00 | 0.00 |
| Account No.<br>**Also notify on behalf of Metrohealth Medical Center** | | | **Babcock & Wasserman Co. LPA**<br>**55 Public Square - Ste. 700**<br>**Cleveland, OH 44113**<br>Value $ | | | | | |
| Account No.<br>**Creditor #: 4**<br>**Rivers Edge Investment Co.**<br>**17419 Broadway Avenue**<br>**Maple Heights, OH 44137** | - | | **Motor Vehicle Loan**<br>**2000 Dodge Stratus**<br>Value $ 3,500.00 | | | | 5,328.00 | 1,828.00 |
| Account No.<br>**Creditor #: 5**<br>**U.S. Department of HUD**<br>**Courtney Minor - Regional Counsel**<br>**Ralph Metcalfe Federal Building**<br>**77 West Jackson Boulevard**<br>**Chicago, IL 60604** | - | | **None**<br>**Listed for Notice Purposes**<br>**Listed for Precautionary Purposes**<br>Value $ 0.00 | | | | 0.00 | 0.00 |
| Account No.<br>**Also notify on behalf of U.S. Department of HUD** | | | **Attorney General**<br>**Main Justice Building**<br>**10th & Constitution Avenue, N.W.**<br>**Washington, DC 20530**<br>Value $ | | | | | |

Sheet __1__ of __2__ continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal (Total of this page): **9,628.00**

In re **Stanley L. Sample**, Case No. _____
                    Debtor

## SCHEDULE D. CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community H/W/J/C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No.<br>Also notify on behalf of<br>U.S. Department of HUD | | | U.S. Attorney<br>Carl B. Stokes U.S. Courthouse<br>801 West Superior Avenue, Ste. 400<br>Cleveland, OH 44113<br><br>Value $ | | | | | |
| Account No.<br>Creditor #: 6<br>U.S. Department of Veterans Affairs<br>Office of Regional Counsel (541/02)<br>Louis Stokes Cleveland VA Med. Ctr.<br>10000 Brecksville Road<br>Brecksville, OH 44141 | - | | None<br>Listed for Notice Purposes<br>Listed for Precautionary Purposes<br><br>Value $ 0.00 | | | | 0.00 | 0.00 |
| Account No. | | | Value $ | | | | | |
| Account No. | | | Value $ | | | | | |
| Account No. | | | Value $ | | | | | |

Sheet  2   of  2   continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal **0.00**
(Total of this page)

Total **49,331.76**
(Report on Summary of Schedules)

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

Form B6E - Cont.
(10/05)

In re **Stanley L. Sample**                                         ,    Case No. _____
                           Debtor

# SCHEDULE E. CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community H/W/J/C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No.<br>**Creditor #: 1**<br>**Central Collection Agency**<br>**1701 Lakeside Avenue**<br>**Cleveland, OH 44114** | - | | **2004-2005**<br><br>**Unpaid Taxes** | | | | **Unknown** | **Unknown** |
| Account No.<br>**Also notify on behalf of**<br>**Central Collection Agency** | | | **Central Collection Agency**<br>**c/o Cleveland Law Director**<br>**601 Lakeside Avenue**<br>**Cleveland, OH 44114** | | | | | |
| Account No.<br>**Also notify on behalf of**<br>**Central Collection Agency** | | | **Central Collection Agency**<br>**c/o Nassim M. Lynch, Admin.**<br>**1701 Lakeside Avenue**<br>**Cleveland, OH 44114** | | | | | |
| Account No.<br>**Creditor #: 2**<br>**Internal Revenue Service**<br>**Post Office Box 21126**<br>**Philadelphia, PA 19114** | - | | **2004**<br><br>**Unpaid Taxes** | | | | **789.55** | **789.55** |
| Account No.<br>**Also notify on behalf of**<br>**Internal Revenue Service** | | | **Attorney General**<br>**U.S. Department of Justice Tax Div.**<br>**Civil Trial Section, Northern Reg.**<br>**P. O. Box 55, Ben Franklin Station**<br>**Washington, DC 20044** | | | | | |

Sheet __1__ of __2__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

Subtotal
(Total of this page)     **789.55**     **789.55**

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037         Best Case Bankruptcy

In re **Stanley L. Sample**, Case No. _____

Debtor

# SCHEDULE E. CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community H/W/J/C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. <br> **Also notify on behalf of Internal Revenue Service** | | | **Internal Revenue Service Collection Division-Insolvency Grp. 1240 East 9th Street, Rm. 457 Cleveland, OH 44199** | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet **2** of **2** continuation sheets attached to Schedule of Creditors Holding Unsecured Priority Claims

Subtotal (Total of this page) — 0.00 | 0.00

Total (Report on Summary of Schedules) — 789.55 | 789.55

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037     Best Case Bankruptcy

Form B6F
(10/05)

In re  **Stanley L. Sample**                                          ,   Case No. _____

                                      Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

    State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C.§112; Fed.R.Bankr.P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community maybe liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

    If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

    Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community — H/W/J/C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **5443 7600 0229 8050**<br>**Creditor #: 1**<br>**Chase Manhattan Bank**<br>**Mastercard/Visa Account**<br>**Post Office Box 15298**<br>**Wilmington, DE 19850** | | - | **2000-2006**<br>**Credit card purchases** | | | | **10,208.00** |
| Account No. **6011 0056 3552 4922**<br>**Creditor #: 2**<br>**Discover Bank**<br>**Discover Card Financial Services**<br>**Post Office Box 15192**<br>**Wilmington, DE 19886** | | - | **2000-2006**<br>**Credit card purchases** | | | | **7,225.31** |
| Account No. **1 4405 0349 2950**<br>**Creditor #: 3**<br>**Dominion East Ohio Gas Co.**<br>**Customer Credit Service**<br>**Post Office Box 26666 (18th Floor)**<br>**Richmond, VA 23261** | | - | **2000-2006**<br>**Utility Service** | | | | **3,300.62** |
| Account No.<br>**Creditor #: 4**<br>**SBC (Ameritech)**<br>**714 W. Lake Street, Floor 3**<br>**Oak Park, IL 60301** | | - | **2000-2006**<br>**Utility Service** | | | | **Unknown** |
|   **1**  continuation sheets attached | | | | | | Subtotal<br>(Total of this page) | **20,733.93** |

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    S/N:24583-060629    Best Case Bankruptcy

Form B6F - Cont.
(10/05)

In re **Stanley L. Sample**, Case No. _____
                           Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community H/W/J/C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **11 00 23 7654 4 6**<br>**Creditor #: 5**<br>**The Illuminating Company**<br>**6896 Miller Road**<br>**Brecksville, OH 44141** | | - | 2000-2006<br>**Utility Service** | | | | 427.00 |
| Account No.<br>**Creditor #: 6**<br>**U.S. Department of Veterans Affairs**<br>**Office of Regional Counsel (541/02)**<br>**Louis Stokes Cleveland VA Med. Ctr.**<br>**10000 Brecksville Road**<br>**Brecksville, OH 44141** | | - | 2000-2006<br>**Medical Services** | | | | Unknown |
| Account No.<br>**Also notify on behalf of**<br>**U.S. Department of Veterans Affairs** | | | **Attorney General**<br>**Main Justice Building**<br>**10th & Constitution Avenue, N.W.**<br>**Washington, DC 20530** | | | | |
| Account No.<br>**Also notify on behalf of**<br>**U.S. Department of Veterans Affairs** | | | **U.S. Attorney**<br>**Carl B. Stokes U.S. Courthouse**<br>**801 West Superior Avenue, Ste. 400**<br>**Cleveland, OH 44113** | | | | |
| Account No.<br>**Also notify on behalf of**<br>**U.S. Department of Veterans Affairs** | | | **U.S. Department of Veterans Affairs**<br>**Post Office Box 470640**<br>**Cleveland, OH 44147** | | | | |

Sheet no. **1** of **1** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) **427.00**

Total (Report on Summary of Schedules) **21,160.93**

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    Best Case Bankruptcy